UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 01-10058-CIV-HIGHSMITH
Magistrate Judge GARBER

ROSANNE BERTONCINI,

              Plaintiff,

v.

JOSEPH SORGER, MARTHA SORGER,
MICHAEL SERECIN, and TORONTO
DRIVE-AWAY SERVICE (NATIONWIDE),
INC., a foreign corporation

              Defendants.

_____/

## AFFIDAVIT OF GOOD CAUSE OF MARK D. BOHM, ESQ. IN SUPPORT OF DEFENDANTS JOSEPH AND MARTHA SORGERS' MOTION FOR CONTINUANCE OF MEDIATION DEADLINE

STATE OF FLORIDA       )
                         ) SS:
COUNTY OF MIAMI-DADE  )

      BEFORE ME the undersigned authority personally appeared MARK D. BOHM,

ESQUIRE, and upon being first duly sworn on oath, deposes and says:

      1.     In this negligence action arising from an accident which occurred in Key West,

Florida, the parties are currently under Court Order to conduct a mediation conference by

September 4, 2002. However, due to multiple factors (as discussed below), a significant amount

of discovery remains outstanding and the parties agree that it would be beneficial to postpone the

mediation conference until additional discovery has been obtained.

      2.     The following factors have impacted the pace of this litigation and have

contributed to the necessity for additional discovery. First, the Plaintiff's complaint was amended



Case No. 01-10058-CIV-HIGHSMITH

to add Co-Defendant Toronto Drive-Away on September 26, 2001. Because of the new addition of a party defendant, deposition discovery was delayed in that to avoid duplicative discovery it was necessary to allow Toronto Drive-Away to appear in this matter and have an opportunity to gain a fair understanding of the case. Toronto Drive-Away filed its answer in February 2002.

Next, at Plaintiff's deposition on May 24, 2002, it was first learned by the Defendants that the Plaintiff suffers from serious auto-immune/blood disorders (scleroderma and lupus). It is expected that at trial the Plaintiff will seek damages in this action based on her lost earning capacity claim as well as her pain and suffering claim, and thus, the precise nature of these auto-immune disorders and their effect on the Plaintiff are significant. Further, it was learned at her deposition that Plaintiff is no longer working and she evidently relates her complete cessation of work to injuries suffered in the accident giving rise to this suit. In light of these issues, additional discovery and retention of experts, including experts in the fields of hematology and/or rheumatology, is necessary.

In addition, although Plaintiff has disclosed the identity of experts in the fields of vocational rehabilitation and economics, to date, a summary of the experts' opinions and the grounds for those opinions have not been provided. Plaintiff indicated in her expert disclosure that the expert economist has been unable to formulate his opinions in light of a personal health matter, and the vocational rehabilitation expert's opinions were not provided in light of the fact that the Plaintiff's health care providers had not yet been deposed. Once the Plaintiff's experts' opinions are formulated, they will need to be deposed, and subsequently, it is anticipated that the Plaintiff will wish to depose Defendants' experts.

A full opportunity to discover and analyze all of the above referenced issues and expert opinions are necessary in order to prepare this matter for mediation. Accordingly, a continuance

Case No. 01-10058-CIV-HIGHSMITH

of the mediation deadline such that a mediation could occur subsequent to the above mentioned

discovery would assist the parties.

<br>

_____
MARK D. BOHM

SWORN TO and SUBSCRIBED before me this _14th_ day of August, 2002.

_____
Notary Public, State of Florida a Large

My Commission Expires:



KATHI H. BURNHAM
MY COMMISSION # CC 787708
EXPIRES: January 25, 2003
Bonded Thru Notary Public Underwriters